# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>**Esteban Xavier MONROY**<br><br>*Defendant(s)* | Case No.<br>2:23-mj-0094 DB |

FILED
Jun 22, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 20, 2023__ in the county of __San Joaquin__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| **COUNT 1:** | 21 U.S.C. § 841(a)(1) – Possession with intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance |
| **COUNT 2:** | 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Maxim Lashchuk
*Complainant's signature*

Maxim Lashchuk, DEA Special Agent
*Printed name and title*

Sworn to before me and signed telephonically.

Date: 06/22/2023

City and state: Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

# AFFIDAVIT OF SPECIAL AGENT MAXIM LASHCHUK IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Maxim Lashchuk, being duly sworn, depose and state the following:

## Purpose

1. This Affidavit is made in support of a criminal complaint and arrest warrant for:

   a. **Esteban Xavier MONROY**

   For the following federal law violations:

   | | |
   |---|---|
   | **COUNT 1:** | 21 U.S.C. § 841(a)(1) – Possession with intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance |
   | **COUNT 2:** | 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm. |

## Affiant's Background and Experience

2. I am a Special Agent of the United States Department of Justice, Drug Enforcement Administration ("DEA") and have been so employed since 2014. I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18 of the United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18 and Title 21 of the United States Code. I am also a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). I completed Basic Agent training at the DEA's Training Academy in Quantico, Virginia, where I received specialized training in narcotics investigations, to include training in the Controlled Substances Act. I received further training in search and seizure law, drug identification, drug-trafficking trends and methods, evidence gathering, undercover operations, confidential source handling, physical and electronic surveillance, and many other facets of drug law enforcement. After completing Basic Agent training, I was assigned to the DEA's Sacramento District Office.

3. During the course of my employment as a DEA Special Agent, I have participated in numerous criminal investigations targeting individuals involved in the trafficking of controlled substances, including heroin, methamphetamine, cocaine, cocaine base, and marijuana. I have participated in executing numerous search warrants involving the aforementioned controlled substances, the seizure of narcotics-related records, firearms, and other evidence that documents the activities of criminal organizations in both the manufacturing and distribution of controlled substances. In conducting such investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance, various types of infiltration, including undercover agents, informants, and cooperating sources. Through these investigations, my training and experience, and conversations with other agents and law enforcement officers, I am familiar with the methods used by drug traffickers to

   manufacture, transport, store, distribute controlled substances, and to collect and launder drug proceeds.

4. Based on my training and experience as a DEA Special Agent, I am familiar with the federal laws pertaining to controlled substances and firearms. I know that it is unlawful under Title 21 of the United States Code, Sections 841(a)(1) and 846, to possess with intent to distribute controlled substances, and to conspire to do the same. I know that heroin is listed as Schedule I controlled substance under the Controlled Substances Act and cocaine is listed as Schedule II controlled substances under the Controlled Substances Act. I also know that it is unlawful under Title 18 of the United States Code, Section 922(g)(1) for a felon to possess a firearm.

5. The information contained in this Affidavit is based on my review of the reports and files in this case, conversations with other law enforcement personnel involved in this case, and my own personal knowledge. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this investigation. Rather, I have set forth only those facts I believe are necessary to support probable cause for a criminal complaint and arrest warrant.

## Statement of Probable Cause

6. Since April 2022, the United States government, including the DEA, was investigating Esteban Xavier MONROY ("MONROY") and other known and unknown co-conspirators and associates regarding possible violations of 21 U.S.C. §§ 841(a)(1) and 846, Distribution of Controlled Substances and Conspiracy to Distribute Controlled Substances, respectively, and 18 U.S.C. §§ 922(g) and 924(c), Felon in Possession of a Firearm, and Possession of a Firearm in Furtherance of Drug Trafficking, respectively. During the investigation, law enforcement observed suspected drug trafficking activity and what appeared to be firearms handled by MONROY at his residence located at 3972 Sunny Road, Stockton, California. Specifically, the majority of MONROY's suspected drug trafficking activity happened near or inside his attached car garage. This was visible from the street area because the rollup garage door was often left open. I often saw MONROY carry a red backpack when he was conducting suspected drug trafficking activity. I regularly saw MONROY reach into this red backpack and retrieve what appeared to be digital scales, bundles of cash, and packages of suspected narcotics.

7. On June 16, 2023, United States Magistrate Judge Carolyn K. Delaney, Eastern District of California, authorized a federal search warrant for MONROY's person, MONROY's Jeep, 3972 Sunny Road, Stockton, California (hereinafter "MONROY's residence"), and cellular phones.

8. On June 20, 2023, at approximately 6:00 a.m., the federal search warrant was executed at MONROY's residence. Upon making entry, law enforcement encountered MONROY in the living room area in a state of undress. MONROY's paramour, Esther Flores Torres, was located in the master bedroom. Five juveniles were present in the house. I read Flores her

Miranda rights and she agreed to talk to me. Flores claimed that she did not possess or purchase any firearms and was unaware of any firearms present in the house.

9. In the dining room, adjacent to the living room where MONROY was encountered, MONROY's red backpack was found hanging on one of the dining chairs. Inside the backpack, law enforcement located $4,140 in U.S. Currency, three cellular telephones, and several clear plastic sandwich bags containing white powdery substance which presumptively field tested positive for cocaine. I searched the cellular phones located in MONROY's red backpack and found numerous text messages that I believe based on my training and experience show that MONROY on a regular basis sold drugs to multiple individuals.

10. Immediately next to the dining room table where MONROY's red backpack was located, inside the closest kitchen cabinet, law enforcement located an FN, Model Five-Seven, 5.7x28mm caliber handgun, Serial Number 386387039, loaded with ammunition. Subsequently, Special Agent (SA) Matthew K. Garrett with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) researched this handgun by referencing the ATF list of reference material relating to domestic and foreign firearm manufacturers, as well as importers of foreign manufactured firearms. SA Garrett concluded that: this handgun is a "firearm" as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3); this handgun was manufactured by FN Herstal in Belgium and imported into the United States by FNH USA in Virginia or South Carolina; and if this handgun was received and/or possessed in the State of California, it travelled in or affected interstate and/or foreign commerce.

11. Law enforcement inquiries with the National Crime Information Center (NCIC) showed that MONROY is a documented Garden Block gang member in Stockton and was previously arrested for violations involving firearms, drugs, gang involvement, and domestic violence. MONROY has the following California felony convictions: In 2012, MONROY was convicted with a felony violation of Carrying a Concealed Weapon while an Active Participant in Criminal Street Gang – California Penal Code 25400(C)(3) and in 2018, MONROY was convicted with a felony violation of Felon in Possession of a Firearm – California Penal Code 29800(A)(1).

12. In the attached car garage of MONROY's residence, in the area where I regularly saw MONROY handle and distribute suspected drugs, inside a small fridge, law enforcement located approximately 392.9 grams of hard brown substance which presumptively field tested positive for heroin. In this same small fridge, law enforcement located a large plastic bag with brown residue which presumptively field tested positive for heroin, smudged all over the bag. Based on my training and experience, I believe this bag once contained several kilograms of heroin which MONROY already sold. On the nearby bar table, law enforcement located a baggie of white powdery substance which presumptively field tested positive for cocaine, multiple digital scales with suspected drug residue, clear plastic sandwich bags, resealable clear plastic bags, and clear plastic wrap. The total cocaine located in the garage and in the red backpack weighed approximately 48.6 grams.

13. I read MONROY his *Miranda* rights and he agreed to talk to me. MONROY initially denied being involved in drug trafficking and claimed that he lived in a different residence. However,

after I presented MONROY with evidence that he indeed lived at 3972 Sunny Road, Stockton, California, and law enforcement regularly saw him dealing drugs at this residence, MONROY admitted that he was involved in drug dealing and stated that he takes responsibility for everything found at his residence and is willing to serve his sentence.

## Conclusion and Request to Seal

14. This Affidavit is made in support of a criminal complaint and arrest warrant charging Esteban Xavier MONROY with: (i) possession with intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1); and (ii) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

15. I also respectfully request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application, criminal complaint, arrest warrant, and supporting affidavit. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation, may cause MONTROY to flee, and may endanger the safety of agents serving the requested warrant.

I swear under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information and belief.

/s/ Maxim Lashchuk
───────────────────────────
Maxim Lashchuk, Special Agent
Drug Enforcement Administration


Sworn to and subscribed telephonically on the 22 day of June 2023.

───────────────────────────
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE


Approved as to form:

 /s/ David W. Spencer
David W. Spencer
Assistant United States Attorney

4

## United States v. Esteban Xavier MONROY
### Penalties for Criminal Complaint

**DEFENDANT:**       Esteban Xavier MONROY

### COUNT 1:

VIOLATION:       21 U.S.C. § 841(a)(1) – Possession with intent to distribute at least 100 grams of a mixture and substance containing heroin, a Schedule I controlled substance.

PENALTIES:       -- A term of imprisonment for not less than 5, and not more than 40 years,
-- A fine of up to $5,000,000, or both fine and imprisonment,
-- A term of supervised release for not less than 4 years, up to life.

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNT 2:

VIOLATION:       18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm.

PENALTIES:       -- A term of imprisonment of up to 15 years,
-- A fine of up to $250,000, or both fine and imprisonment,
-- A term of supervised release of up to 3 years.

SPECIAL ASSESSMENT: $100 (mandatory on each count)