PHILLIP A. TALBERT
United States Attorney
EMILY G. SAUVAGEAU
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:23-CR-165-KJM |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER |
| v. | |
| ESTEBAN XAVIER MONROY, | |
| Defendant. | |

### I.   STIPULATION

1.   Plaintiff United States of America, by and through its counsel of record, and defendant Esteban Xavier Monroy, by and through his counsel of record ("Defendant" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information and other confidential information of real persons.

2.   This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3.   On July 6, 2023, the Grand Jury returned an indictment charging possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count One), felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

4. The government intends to produce to Defense Counsel: (1) investigative reports and/or other documents that could identify law enforcement undercover agents and/or confidential sources; and (2) materials containing personal identifying information ("PII") (as defined in E. D. Cal. L. R. 140(a), excluding information concerning the Defendant). Discovery containing the identities of undercover agents, the identities of law enforcement confidential sources, or PII will be considered "Protected Material" as described in this stipulation and order, and will collectively be referred to herein as "Protected Material." Such Protected Material shall be identified by the government when it is produced to the defense, in a cover latter, or by a specially-designated Bates range, or through an email message.

5. Defense counsel shall not disclose any of the Protected Material or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case.

6. Defendant may view the Protected Material in the presence of defense counsel, but may not retain a copy or otherwise disseminate the contents.

7. The Protected Material may only be used in connection with the litigation of this case and for no other purpose.

8. If there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any protected discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel will then become defense counsel for purposes of this Order, and become the custodian of the protected discovery, and shall then become responsible, upon conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in paragraph 14. All members of the defense counsel, whether current or past counsel, are at all times subject to the Order and are not relieved by termination of representation or conclusion of the prosecution.

9. Defense counsel will store the Protected Material in a secure place, such as a locked office, and shall use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement. To the extent any of the protected discovery, or any copies or reproductions thereof, are

stored electronically, the protected discovery shall be stored on a password-protected or encrypted storage medium or device.  Encryption keys shall be stored securely and not written on the storage media they unlock.

10. If defense counsel makes, or causes to be made, any further copies of any of the Protected Material, defense counsel will ensure that the following notation is inscribed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied file(s) or hard copies: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

11. If defense counsel releases custody of any of the Protected Material, or authorized copies thereof, to any person described in paragraph three, defense counsel shall provide such recipients with copies of this Order.  The parties agree that defense counsel, defense investigators, and support staff shall not provide the Protected Material to the defendant or any other witness or copies of the Protected Material except for the limited situations identified in this Order.

12. If allowed by law, defense counsel shall advise government counsel of any subpoenas, document requests or claims for access to the Protected Material by third parties if defense counsel is considering disseminating any of the Protected Material to a third party in order that the government may take action to resist or comply with such demands as it may deem appropriate.

13. Defense counsel shall be responsible for advising the defendant, or her client, her employees and other members of the defense team, and defense witnesses of the contents of this Order. Defense counsel shall not provide or make available to any person described in paragraph five the Protected Material until that individual has been provided a copy of this Order by defense counsel.

14. Upon final disposition of this case, including exhaustion of direct and collateral appellate proceedings or the exhaustion of defense counsel's professional obligations as dictated by the California State Bar, defense counsel shall return the protected discovery to the government, or certify in writing that the protected discovery has been destroyed, or, if defense counsel seeks to maintain the protected discovery in the defense counsel's files beyond the above time frame, seek modification of this provision from the Court.

15. Nothing in this Order shall preclude a party from seeking a more restrictive or permissive protective order or other court order with regard to particular discovery items.

16. Defense counsel observes the right to file objections with the Court concerned the protected status of any material produced by the government, and to seek a less restrictive protective order, including an order requiring redactions in lieu of more restrictive measures, to ensure the defendant has the proper level of access to such material in preparing his defense. The contested protected materials shall be submitted in camera or under seal to the Court for evaluation, not publicly filed.

Respectfully Submitted,

Dated: August 4, 2023
PHILLIP A. TALBERT
United States Attorney

By: /s/ EMILY G. SAUVAGEAU
EMILY G. SAUVAGEAU
Assistant United States Attorney

Dated: August 4, 2023
/s/ CHRISTINA SINHA
CHRISTINA SINHA
Counsel for Defendant
Esteban Xavier Monroy

## [PROPOSED] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this __4th__ day of __August__, __2023__.

THE HONORABLE JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE